**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 24, 2023
Date Decided: June 9, 2023

Re:  *IMO JMM*, a person with an alleged disability, C.M. 19727-N

Dear H:

On March 24, 2023, you were sent an invoice from the Register in Chancery for an accounting of the amounts held by you as Guardian, on behalf of JMM. The sum charged was determined based on the substantial amount of the funds held under guardianship for JMM.

Based, apparently, on your reading of Chancery Rule 3(bb), you disputed that *any* charge was appropriate for an accounting of funds held under guardianship. You requested that the fee be "cancelled," "reversed" and "retracted." The Chancery Court Master overseeing the guardianship explained to you, by letter order of April 25, 2023 (the "Order") that the accounting for funds held in trust, whether in a common-law trust or under a guardianship, required the same process of accounting, and that the rule setting the fee for trust accountings was applicable. You took exception to the Order by filing a notice of exception on May 4, 2023; you failed to file the opening brief as required by Rule 144, however.

Accordingly, your exceptions may be deemed waived.[1]  Nonetheless, I have examined the Order under the *de novo* review standard required by our case law.[2]

Money held in a guardianship account is held in trust for the person with a disability.  The guardian is bound by fiduciary duties in administration of the corpus and must account to the Court for the funds held in the account.  The account must be reviewed by the Office of the Register in Chancery; that accounting review is the service for which a fee is assessed.  The Order is correct, and the Guardianship is not entitled to be a free rider on the services of the Office of the Register.  To the extent not waived, your exceptions are denied.

The Fee set out in the billing statement of March 24, 2023, is due TEN DAYS FROM THE DATE OF THIS LETTER OPINION.  It is SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[1] *Emerald Partners v. Berlin*, 726 A.2d 1215, 1224 (Del. 1999) ("Issues not briefed are deemed waived.").

[2] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).